[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#140)
This action arises out of a motor vehicle accident that allegedly occurred on January 3, 1992. In an amended revised complaint, the plaintiff, Wieslawa Stachorski, alleges that her motor vehicle was struck by a hit and run tractor trailer owned by the defendant, Xtra Corporation, and its subsidiary, the defendant Xtra Intermodal. The tractor trailer was allegedly leased to the defendant, Iowa Interstate Railroad, Ltd. (Iowa).
The plaintiff alleges that at the time of the collision the tractor trailer was operated by an agent or employee of Iowa. The court notes that there is some uncertainty as to the identity of the tractor trailer because the driver did not stop after he struck the plaintiff's vehicle. The court further notes that information concerning the tractor trailer's plate number was provided by Katja Linke, an independent witness who followed the tractor trailer and reported the information to the Connecticut State Trooper who investigated the accident.
On April 28, 1995, Iowa filed a motion for summary judgment supported by a memorandum of law, an affidavit, business records, portions of the plaintiff's deposition, and the plaintiff's answers to requests for admissions. In support of its motion, Iowa argues that the tractor trailer which allegedly caused the collision was not in Connecticut on January 3, 1992. Iowa contends that its business records show that the tractor trailer was in Illinois on that date. On October 19, 1995 the plaintiff filed a memorandum in opposition and the affidavit of Katja Linke, an independent witness who observed the collision.
"Practice Book § 384 provides that summary judgment shall CT Page 14003 be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . ." Miller v. United Technologies Corp.,233 Conn. 732, 744-45, 660 A.2d 810 (1995). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500,538 A.2d 1031 (1988).
While Iowa's evidence shows that its tractor trailer might have been in Illinois on the date of the accident, the affidavit of Katja Linke, submitted by the plaintiff in opposition to the motion, raises a genuine issue of material fact as Iowa has admitted that it owned or leased a tractor trailer with the same registration plate number as the plate number recorded by the witness on the date of the accident.
Accordingly, the court denies Iowa's motion for summary judgment.
BALLEN, JUDGE